BURCH CONSTRUCTION CO., APPELLEE, *v.* ATLANTIC HOMES, INC., APPELLANT.

(No. 275—Decided October 15, 1963.)

*Messrs. Young, Pryor, Strickland & Falke,* for appellee.
*Mr. Paul L. Westerfield,* for appellant.

LONG, J. The appellant corporation was engaged in an extensive subdivision project and the building of homes for the market. A contract was entered into between Burch, appellee herein, and Atlantic, appellant herein, on May 29, 1959, whereby Burch furnished for the project materials and labor for the construction of streets, storm sewers and water mains, fur-

nished many hours of bull-dozer service, dragline operators, yard backhoe operators, end loader operators, pumps, oilers, pipe layers, laborers, including extensive lot grading, drain tile, main tile, under-cutting operations, installing field tile, truck pulling and many other operations incidental to the laying out of some sixty-nine residential lots and the building of the houses thereon. Under the contract, Atlantic was required to pay for such services and materials out of the proceeds of construction mortgages to be procured by Atlantic.

At the time of the filing of the application herein, some twenty-three of the houses were almost completed, but work had almost come to a standstill; it was charged that one of the officers of appellant had used money of the construction loans to build himself a house in Montgomery County, Ohio, and that there was no construction money remaining to complete any of the houses already started and no cash with which to start construction of the balance of the houses.

On December 31, 1959, the trial court appointed a receiver to wind up the affairs of the appellant (Atlantic). In the receivership case, Burch, with the consent of the court, filed the within claim against the receiver for a determination of the validity and amount of same. Page after page (some 618 pages) of testimony was offered in evidence and appellant (Atlantic) rested its case after all of appellee's testimony was offered. The court, by entry made of finding of facts and conclusions of law, ordered an allowance of $73,495.15, with interest, as a valid claim in the receivership in favor of Burch.

Appellant's first claim of error is that the trial court refused its demand for a jury. The remedy sought by appellee is not one for money damages alone, as claimed by appellant. In *Webb, Rcr., v. Stasel, Rcr.*, 80 Ohio St., 122, it was settled in Ohio that an application, with the consent of the trial court, "for the allowance of a claim [against a receiver] to be paid in due course of administration of the property in his hands, is not an action for money only, and neither party is entitled to a jury for the trial of issues of fact arising therein."

See, also, 46 Ohio Jurisprudence (2d), 733, Section 78, where we find the following:

"When a court takes possession of all the assets of the receivership defendant, it makes the collection of his debts im-

possible except from its hands. The court appointing the receiver must receive and *adjudicate upon claims against the receivership property*, and consequently a creditor must, as a rule, make due presentation of his claim against the receivership, estate or property.'' (Emphasis added.)

That is exactly what was done in this case. It was the appellee's right and the court's duty to make a finding of the validity and amount of appellee's claim without a jury. In any equity case the court may, if it so desires, impanel a jury to assist him in the determination of any facts; however, this does not give either of the parties a trial by jury as a matter of right. The case at bar is one of such cases.

We think that the finding of facts and conclusions of law made by the court is an answer to appellant's second claim of error. A trial court is not required to answer questions dealing with irrelevant or immaterial facts. This court is of the opinion that there is substantial evidence warranting the findings of the court in its determination of the law applicable to the facts.

The other three claims of error, to wit, the failure of the trial court to grant appellant's motion for judgment at the conclusion of appellee's case; that the findings and judgment of the trial court are not supported by evidence and are contrary to law; and errors in the admission of evidence, are without merit. The judgment of the court below is affirmed.

*Judgment affirmed.*

HOVER, P. J., and HILDEBRANT, J., concur.